**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————

**UNITED STATES OF AMERICA,**

       **- against -**

**GINA GUY, ET AL.,**

           **Defendants.**

————————————————————

**25-cr-29 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The defendants, Gina Guy and Rosanna Lisa Stanley, have been charged in a four-count indictment (the "Indictment") with conspiracy to commit wire fraud, conspiracy to commit money laundering, and wire fraud. The defendants have now moved pursuant to Federal Rule of Criminal Procedure 7(f) for a bill of particulars identifying the names of the alleged victims of the crimes charged in the Indictment. For the reasons explained below, the motion is **denied.**

**I.**

    The Indictment in this case consists of four counts. See Indictment, ECF No. 29. Count One charges that, from at least 2021 through at least 2024, the defendants conspired to commit wire fraud, in violation of 18 U.S.C. § 1349. Id. ¶¶ 1–2. Count Two charges that, from at least 2020 through at least 2024, Guy committed wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Id. ¶ 3. Count Three charges that, from at least 2011 through at least 2024, Stanley committed wire fraud, also in violation of

18 U.S.C. §§ 1343 and 2. Id. ¶ 4. Count Four charges that, from at least 2021 through at least 2024, both defendants conspired to commit money laundering, in violation of 18 U.S.C. § 1956(h). Id. ¶¶ 5-6.

The gist of the allegations against the defendants is that they conspired to defraud, and in fact defrauded, vulnerable individuals—primarily elderly men—by luring the victims into purported romantic or close personal relationships and inducing the victims to provide large sums of money to the defendants based on false pretenses. See generally id.; see also Complaint ¶ 9, ECF No. 1.[1]

The parties appeared before the Court for an initial conference on February 5, 2025. At that conference, the Government stated that it "anticipate[d] rolling production[s] starting very soon" with "a lot of redactions," because there were "a lot of sensitivities in these documents, particularly

---

[1] Initially, the defendants were charged by a complaint filed in June 2024 (the "Complaint"), which alleged that the defendants defrauded at least 16 victims of more than $7 million from at least 2009 to at least 2024. Complaint ¶ 9. The Complaint also contained detailed allegations describing the defendants' schemes to defraud seven victims. See id. ¶¶ 10-14. These allegations set forth the dates each of these victims met the defendants; the nature of the relationship between each victim and the defendants; the false representations made by the defendants to induce each victim to give money to the defendants; the amount of money each victim provided to the defendants; the ways in which the defendants laundered these proceeds; and the defendants' use of these funds for their personal benefit.

when it comes to victim information." Feb. 5, 2025 Hearing Tr. at 6, ECF No. 51.[2]

On February 14, 2025, the defendants filed this motion for a bill of particulars. See ECF No. 39.

Since February 27, 2025, the Government has been making rolling productions of discovery materials. See Gov't Opp. at 3, ECF No. 47. The next conference is scheduled for June 25, 2025. See ECF No. 36.

## II.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." The decision whether to grant a bill of particulars pursuant to Rule 7(f) rests with the sound discretion of the district court. See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991); United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

The purpose of a bill of particulars is to enable a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [the defendant] be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars is necessary "only where the charges of the

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

indictment are so general that they do not advise the defendant of the specific acts of which [the defendant] is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004). In deciding whether to grant a bill of particulars, "the question is not whether the information would be useful to the defense, but rather whether it is necessary." United States v. Chalmers, 410 F. Supp. 2d 278, 286 (S.D.N.Y. 2006); see also United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001). "A bill of particulars is not a discovery device and should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." United States v. Mandell, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010). "Generally, if the information sought . . . is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Bortnovsky, 820 F.2d at 574.

### III.

The defendants contend that they need a bill of particulars providing the names of the victims of the alleged fraud "to conduct pretrial investigations, prepare a constitutionally-effective defense, and minimize surprise at trial." Defs. Br. at 1-2, ECF No. 39. The Government responds that the defendants improperly seek to use a bill of particulars as a discovery device and that the defendants' motion is premature. See Gov't

4

Opp. at 6–7. Meanwhile, the Government has concerns about witness intimidation and obstruction of justice in a case involving elderly, vulnerable victims. See id. at 3–6.

The defendants are not entitled to a bill of particulars identifying the alleged victims at this time. As explained above, the purpose of a bill of particulars is to supplement the allegations in an indictment where the indictment is insufficiently precise to inform a defendant of the charges against the defendant so that the defendant can mount a defense and plead double jeopardy in a future prosecution. See Bortnovsky, 820 F.2d at 574, see also Mitlof, 165 F. Supp. 2d at 569. In this case, the Indictment, coupled with the Complaint, provides enough detail to advise the defendants of the specific charges against them. The defendants have not shown that a list of victims' names is necessary for the preparation of the defendants' defense at this time. To the extent that the defendants seek to use the bill of particulars to aid in their pretrial investigations, that is not a valid purpose for the instrument. "A bill of particulars is not designed to . . . assist the defendant's investigation." United States v. Bellomo, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003); see also Mandell, 710 F. Supp. 2d at 384.

Moreover, the Government's "sufficient disclosures concerning its evidence and witnesses by other means" obviate

the need for a bill of particulars. United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). The defendants have received—and will continue to receive—vast amounts of discovery, from which they may be able to ascertain the identities of the alleged victims. See Gov't Opp. at 6 (stating that the Government is making rolling productions of discovery materials, including "records relating to victims' estates and victims' capacities," "written communications involving victims and the defendants," and "audio and video recordings involving victims and the defendants"). In fact, the identities of seven alleged victims could be readily determined from the details in the Complaint. See Compl. ¶¶ 10-14. And the parties' correspondence shows that the defendants are aware of the identities of at least two alleged victims. See Gov't Opp. at 4-5; Guy Reply at 9-12, ECF No. 48; Stanley Reply, ECF No. 49. Therefore, the defendants are not entitled to the bill of particulars they seek. See United States v. Rittweger, 259 F. Supp. 2d 275, 292 (S.D.N.Y. 2003) (denying the defendant's request for the identities of all victims of the conspiracy alleged in the indictment).

Finally, although the defendants claim that "the Government has no intention, absent a court order, of voluntarily furnishing defense counsel with the names of the unidentified alleged victims referenced in the indictment," Guy Reply at 15, the Government says otherwise. Indeed, the Government has

represented that it "will timely provide the defense with victim identities and victim statements, among other information, prior to trial, in accordance with its obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and 18 U.S.C. § 3500." Gov't Opp. at 7. The Government seeks only to defer disclosure of the victims' identities in view of the vulnerable nature of the victims who were allegedly defrauded. The Government has raised sufficient concerns for the elderly victims of the defendants' alleged offenses to delay identification of the victims. Moreover, this case is far from trial ready: extensive discovery is ongoing; the next conference is scheduled for June 25, 2025; and a motion and trial schedule has not yet been set. Accordingly, under these circumstances, deferring identification of the victims is appropriate.

The motion for a bill of particulars is **denied** at this time.[3]

---

[3] In a footnote in her reply brief, Guy requests the Court "to order the Government to refrain from 1) obstructive actions which may result in the denial of Guy's access to witnesses, and 2) advising any alleged victims and witnesses in this case to a) not communicate with Guy's legal representatives if contacted by them or b) notify the Government if they are contacted for defense interviews." Guy Reply at 13–14 n.7. Because there has been no showing that the Government has in fact been engaging in these tactics, there is no basis for the Court to take the requested action at this time. In any event, the parties are reminded that they should not communicate directly with any alleged victims who are represented by counsel without the consent of such counsel, or otherwise interfere with access to potential witnesses. <u>See</u> <u>Int'l Bus. Machs. Corp. v. Edelstein</u>, 526 F.2d 37, 44 (2d Cir. 1975) ("[A]s to interviewing a prospective prosecution witness, our constitutional notions of fair play and due process dictate that defense counsel be free from obstruction . . . ."); <u>In re Chan</u>, 271 F. Supp. 2d 539, 540–41 (S.D.N.Y. 2003) (censuring a criminal defense lawyer for communicating directly with a person the lawyer knew to be represented by counsel without the consent of

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion for a bill of particulars is **denied.** The Clerk is respectfully directed to close ECF No. 39.

**SO ORDERED.**

Dated:    **New York, New York**
          **April 11, 2025**

                                  **John G. Koeltl**
                        **United States District Judge**

---

the person's counsel, in violation of the rules of professional conduct); United States v. Ebrahimi, 137 F. Supp. 3d 886, 888–89 (E.D. Va. 2015) (finding that the Government's requests that potential witnesses notify the Government if the witnesses were contacted by defense counsel and that the Government be present during any meetings with defense counsel improperly interfered with the defendant's ability to access witnesses in preparation for trial).