# RUBINSTEIN & COROZZO, LLP

COUNSELORS AT LAW

260 MADISON AVENUE, 22ND FLOOR
NEW YORK, N.Y. 10016
TELEPHONE (212) 545-8777; FAX (917) 722-8206
INFO@RUBCORLAW.COM

RONALD RUBINSTEIN
JOSEPH R. COROZZO

Of Counsel:
MARSHALL A. MINTZ

ANGELA D. LIPSMAN (NY; NJ)

January 12, 2026

*Application granted.
Home detention replaced
by a curfew with location
monitoring and hours determined
by the defendant's supervising
officer. So ordered. /s/ [initials]
U.S.D.J.
1/13/26*

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: United States v. Stanley
25 CR 29 (JGK)

Dear Judge Koeltl,

We represent Defendant Rosanna Stanley ("Stanley"). We write to respectfully request that the conditions of Ms. Stanley's bond be modified to replace the condition of home detention with the condition of a curfew, with hours to be determined by Ms. Stanley's supervising officer, and all other conditions to remain in effect.

Ms. Stanley has been out on bond for a little over a year and a half since her arrest in June 2024, and has been compliant with the terms of her release.

Changed circumstances warrant modifying Ms. Stanley's conditions of release from home detention to curfew. When Ms. Stanley's conditions were originally set in the Southern District of Florida in June 2024, and when the Government persuaded the Court as to certain additional terms at her arraignment on March 12, 2025 (without demonstrating any change of circumstances in between her arrest and her arraignment), Ms. Stanley was unemployed.

Ms. Stanley was since hired by a restaurant in Surfside, Florida, and has been promoted to the role of Restaurant Manager, in addition to her duties as Catering Director and Executive Chef of the restaurant.

Ms. Stanley now works six days a week (that is, when she does not have to come in on her day off). Her duties include, but are not limited to, opening the restaurant in the mornings and locking it up at night.

As such, Ms. Stanley's employer provided an email, which we forwarded to Ms. Stanley's supervising officer, advising that Ms. Stanley's new role requires her to work over 50 hours per week for the restaurant.

1

Case 1:25-cr-00029-JGK    Document 88    Filed 01/12/26    Page 2 of 2

RUBINSTEIN & COROZZO, LLP

Although the terms of the bond state that Ms. Stanley can leave home for employment, we understand that Ms. Stanley was warned by her supervising Probation Officer in Florida that the Southern District of Florida Probation Office considers over 50 hours per week outside of the home to conflict with home detention.

That is, Ms. Stanley is in the difficult position of facing the possibility of losing her job in order to comply with the current conditions of her bond and the instructions of her supervising officer.

We are hopeful that changing Ms. Stanley's bond from home detention to curfew will enable her to keep her position as Manager, Catering Director, and Executive Chef of the restaurant.

Accordingly, we reached out to Ms. Stanley's supervising officer, and we were advised that Probation has no objection to this application to change the terms of the bond from home detention to a curfew.

18 U.S.C. § 3142(c)(3) provides that the Court may amend the conditions of release at any time, and the conditions shall be the "least restrictive combination of conditions, that… will reasonably assure the appearance of the person as required and the safety of any other person and the community," § 3142(c)(1)(B).

As the Court knows, conditions of pretrial release can be modified to accommodate a defendant's employment. Order, dated May 30, 2025, ECF # 67 (granting co-defendant Guy's application, over the Government's opposition, to change the terms of her bond from home detention to curfew, in part due Ms. Guy's employment). See also *United States v. Nguyen*, 25 CR 506 (AT), 2025 U.S. Dist. LEXIS 222825, *13 (S.D.N.Y. Nov. 12, 2025) (modifying conditions "to permit his continued employment"); *Kaiser v. United States*, 20 F. Supp. 3d 301, 302 (E.D.N.Y. 2014) (conditions had been modified "to permit the Defendant to work overtime and to attend medical appointments with his wife"). Cf. *United States v. Franzone*, 21 CR 446 (VSB), Doc. # 19 (granting application to change defendant's terms from home detention to curfew, over the Government's opposition, due to regular attorney-client meetings and home detention forcing counsel to cut short attorney-client meetings).

The Government takes no position, provided that the curfew is enforced by location monitoring and that all other terms remain in effect.

Wherefore, Ms. Stanley respectfully moves for an Order changing the terms of the bond from home detention to curfew, with hours to be determined by her supervising officer.

Respectfully submitted,

Angela D. Lipsman, Esq.

cc:    A.U.S.A.s Diarra Guthrie, Lauren Phillips

2