UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

    - v. -

ROSANNA LISA STANLEY,

         Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

25 Cr. 29 (JGK)

WHEREAS, on or about January 22, 2025, ROSANNA LISA STANLEY (the "Defendant"), was charged in three counts of a four-count Indictment, 25 Cr. 29 (JGK) (the "Indictment"), with conspiracy to commit fraud, in violation of, Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2. (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to commission of the offenses charged in Count Three of the Indictment, including but not limited to a sum of money in United currency representing the amount of proceeds traceable to the commission of the offenses charged in Count Three of the Indictment;

WHEREAS, on or about May 26, 2026, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit, forfeit to the United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28 United States Code, Section 2461(c), (i) a sum of money equal to $1,344,637.13 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Count Three of the Indictment; and (ii) all right, title and interest of the Defendant in the following;

    a. Cartier ring, SOL 1895 PT EC 3/3.99 D, 52, Reference: CRZA491552, Individual Number: 48PPPH, to be turned over by the Defendant to the Government on or about May 22, 2026;

    b. 2019 Mercedes Benz S560V, VIN# WDDUG8DB0KA453299 seized by the Government on or about June 25, 2024, from the Defendant's residence located in North Miami Beach, Florida;

    c. 2017 Robalo Boat, VIN# ROBS0141L617 seized by the Government on or about June 25, 2024, from the Defendant's residence located in North Miami Beach, Florida;

    d. Miscellaneous coins seized by the Government on or June 25, 2024, from the Defendant's residence located in North Miami Beach, Florida, including the following:

        i. 1 oz. Pure Gold Maple Leaf Canadian $50 coin in bezel;
        ii. The Official America's Cup 1987 Gold and Silver Coins Set in Original box with Certificate of Authenticity;
        iii. Silver Jubilee coin set in sealed plastic case, dated 1952-1977;
        iv. Ten United States Proof coin sets;
        v. Eleven United States Proof coin sets from the Philadelphia Mint;
        vi. Ten Carson City Silver Dollars;
        vii. Nine United States Proof coin sets from the Philadelphia Mint with date, ranging between 1960-1964;
        viii. Six United States Liberty Coin Sets with dates ranging between 1886-1986;

    e. $26,340 in United States currency seized by the Government on or about June 25, 2024, from the Defendant's residence located in North Miami Beach, Florida;

    f. Miscellaneous Jewelry seized by the Government on or about June 25, 2024, from the Defendant's residence located in North Miami Beach, Florida, including the following:

i.      Emerald Cut Moissanite Mounted in a Sterling Silver with Pink Box;
ii.     Pair of 18K Yellow Gold, Diamond, Ruby and Sapphire Panther; Lever Back Earrings;
iii.    14K White Gold Rope Chain;
iv.     Platinum Cartier Ring;
v.      Rectangular Moissanite Stone in Silver Ring;
vi.     14K White Gold and Diamond Bar Pin;
vii.    $2.50 Liberty Indian Head Gold Coin Mounted in a Screw Down; 14K Yellow Gold Bezel;
viii.   18K White Gold, Diamond, and Ruby Pendant;
ix.     14K Yellow Gold Heart Ring;
x.      14K Gold Diamond Stud Earrings; and
xi.     Oval Shaped Cubic Zirconia Stones Mount in 14K white gold earrings;

(a. through f., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,344,637.13in United States currency, representing the amount of proceeds traceable to the offenses charged in Count Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the Specific Property, as property that constitutes or is derived from proceeds traceable to commission of the offenses charged in Count Three of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Diarra M. Guthrie and Lauren E. Phillips of counsel, and the Defendant and her counsel, Joseph Corozzo, Esq. and Angela Lipsman, Esq., that:

1.      As a result of the offenses charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,344,637.13 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant ROSANNA LISA STANLEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          5/3/26

Diarra M. Guthrie                                                    DATE
Lauren E. Phillips
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2463 / 2231


ROSANNA LISA STANLEY


By: _____          5·4-26
Rosanna Lisa Stanley                                        DATE


By: _____          5-4-26
Joseph Corozzo, Esq.
Angela Lipsman, Esq.                                        DATE
Attorneys for Defendant
260 Madison Avenue
New York, NY 10016


SO ORDERED:

_____          5/26/26.
HONORABLE JOHN G. KOELTL                      DATE
UNITED STATES DISTRICT JUDGE

Scanned with
CamScanner